OPINION
{¶ 1} Defendant-appellant, Sohan Singh, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, dividing the parties' property in a divorce action.
 {¶ 2} Appellant and plaintiff-appellee, Gurdip Singh, were married on December 15, 1987. The parties separated on February 25, 1991 and filed for divorce on May 25, 2001. The trial court held a hearing on April 29, 2002 to resolve issues regarding the division of the parties' property and custody of the children. On May 17, 2002, the trial court issued a decision and on July 15, 2002 issued an amended decision. A decree of divorce was entered on July 16, 2002.
 {¶ 3} Appellant now appeals the trial court's decision to classify certain assets as marital. Appellant originally raised three assignments of error on appeal. However, subsequent to oral argument in this case, appellant withdrew his second assignment of error. In his first and third assignments of error, appellant argues that the trial court's decision finding two bank accounts to be marital property was against the manifest weight of the evidence.
 {¶ 4} In his first assignment of error, appellant contends that the trial court's decision that the contents of his Emery checking account were marital was against the manifest weight of the evidence. During the marriage, appellant had a checking account at Emery that was in his name alone. Appellant claimed that the money in the Emery account belonged to his brother, Dalip Singh. According to appellant, Dalip used the Emery account because he was new to the United States. Dalip claimed he applied for refuge status, but was awaiting an appeal before an immigration judge. Appellant also claimed Dalip gave him $15,000 to deposit in the Emery account on December 5, 2000, because Dalip needed to demonstrate to immigration officials that he could support his wife, who he was attempting to bring to the United States from India.
 {¶ 5} In dividing property during a divorce proceeding, the trial court is required to classify assets as marital or non-marital. See R.C.3105.171(B). This court reviews a trial court's determination regarding the classification of property as marital under a manifest weight of the evidence standard. Johnson v. Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001. In performing such a review, the factual findings of the trial court relating to its classification of property as marital are reviewed to determine whether they are supported by competent, credible evidence. Id; Barkley v. Barkley (1997), 119 Ohio App.3d 155.
 {¶ 6} Marital property is defined in R.C. 3105.171 to include all real and personal property owned by either or both of the spouses or in which either or both spouses have an interest, including the retirement benefits of the spouses, which was acquired during the marriage. See R.C. 3105.171(A)(3)(a). A trial court is to assume that any property acquired during the marriage is marital, unless evidence is offered to rebut the presumption. Barkley at 160. The party seeking to have property determined non-marital bears the burden of proof on this issue. Spinettiv. Spinetti (Mar. 14, 2001), Summit App. No. 20113.
 {¶ 7} We find that the trial court did not err in classifying the Emery account as marital. The account was in appellant's name. Although appellant testified that the money in the account was his brother's, he failed to provide credible supporting evidence for this contention. He testified that Dalip gave him $15,000 to deposit in the account and provided a cancelled check. However, the memo of the check indicates that the check was for a "loan." Furthermore, the trial court noted that appellant's testimony was not credible on some of the issues regarding the parties' assets. Issues of credibility of witnesses and the weight to be given their testimony are issues for the trier of fact and we will not substitute our judgment for that of the trial court on that issue.Seasons Coal Co. v. City of Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 8} In his third assignment of error, appellant contends that the trial court erred in classifying the contents of a Firstar account as marital. Evidence at the hearing established that the account was in appellant and his brother Dalip's names. Appellant and Dalip both testified that the account was Dalip's alone, even though appellant's name was also on the account. Dalip testified that the only money in the account was his paychecks. However, the trial court found that Dalip's testimony on this issue was not credible. Again, issues of credibility are for the trial court to determine. Id. In addition, appellant failed to present any supporting evidence that the money in the account was not his. No evidence was submitted to establish that all of the deposits and withdrawals were made by Dalip, particularly several large deposits which could not be paychecks. Furthermore, appellant testified that he removed the entire balance of the account the day after the parties separated, evidencing that he had control over the entire amount in the account. Thus, we find that the trial court did not err in determining that the contents of the Firstar account were marital.
 {¶ 9} Finally, while not raised in a separate assignment of error, within both his first and third assignments of error, appellant argues that the trial court erred in valuing the accounts. On appeal, appellant contends that he repaid Dalip $15,000 from the Emery account to the Firstar account. The trial court valued the Emery account using the value provided by parties through the date of February 25, 2001, the date the parties separated. The trial court valued the Firstar account as of February 26, 2001.[1] This was the only valuation date presented by the parties' testimony at trial. Appellant contends that the Emery account shows check number 2082 in the amount of $15,000 and that the Firstar account shows a $15,000 deposit on February 26, 2001.
 {¶ 10} Although the bank accounts were submitted into evidence, this particular argument was not presented in any type of testimony before the trial court. Although appellant testified that he "paid Dalip the $15,000 back," there was no testimony at the hearing to establish that the amount was paid by this particular check from the Emery account, and that it was deposited into the Firstar account. The bank accounts discussed at the hearing and the parties' financial information was highly complex and the testimony was confusing. Various sums of money, including several large sums, were transferred between accounts, and in and out of accounts, and, according to appellant, he received large sums of money from other family members for safekeeping. Although there is some evidence supporting the argument now made by appellant on appeal, it was not the trial court's responsibility to "connect the dots" regarding absent testimony to support an argument that was not made at trial.
 {¶ 11} In conclusion, we find that the trial court did not err in determining that the Emery and Firstar accounts were marital and in dividing the assets between the parties. Appellant's first and third assignments of error are overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] We note that, as a general matter, a trial court should consistently apply the same set of dates when evaluating marital property that is subject to division and distribution in a divorce proceeding.Herrmann v. Herrmann(Nov. 6, 2000), Butler App. Nos. CA99-01-006, CA99-01-011. However, the circumstances of some cases may require the use of different dates for valuation purposes. Id. This is particularly true where the only valuation amounts presented by the parties involves different dates.